UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 2:08-00349 WBS |
| Plaintiff, | |
| v. | ORDER |
| JORDAN VARNER, | |
| Defendant. | |

----oo0oo----

Defendant Jordan Varner, proceeding pro se, has filed a motion to vacate or amend judgment pursuant to Federal Rule of Civil Procedure 60(b). (Docket No. 66.) Because the motion is plainly inappropriate, the court sees no reason to call upon the United States Attorney for a response.

Although criminal defendants may file motions under Rule 60(b) to challenge procedural and other non-substantive defects in civil postconviction relief proceedings, Gonzalez v. Crosby, 545 U.S. 524 (2005), defendant never filed any previous petition or motion for postconviction relief in this case. Thus,

1

in order to challenge his sentence, defendant must bring a motion under 28 U.S.C. § 2255. See Campos v. United States, No. S-07-2196 EJG, 2008 WL 115382, at *1 (E.D. Cal. 2008) ("[T]he federal rules of civil procedure do not apply in criminal cases."); United States v. Morrison, No. 90-0373-PHX-RGS, 2007 WL 1121288, at *1 (D. Ariz. Apr. 16, 2007) (holding that § 2255, not Rule 60(b), was the proper avenue for defendant to attack his sentence). Accordingly, the court will deny his motion under Rule 60(b).

Under some circumstances, the court could construe defendant's motion as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. However, because a defendant may only file one such motion without leave of court, the Supreme Court has discouraged courts from construing a misguided Rule 60(b) motion as a § 2255 petition absent notice to and consent from the defendant. Castro v. United States, 540 U.S. 375, 382-83 (2003); see also Campos, 2008 WL 115382, at *1 (denying Rule 60(b) motion rather than construing it as § 2255 motion). Here, in his motion, defendant specifically asks that it not be considered under section 2255.

IT IS THEREFORE ORDERED that defendant's motion for relief from final judgment pursuant to Fed. R. Civ. P. 60(b) be, and the same hereby is, DENIED.

Dated: December 2, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE